**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANTS:

**JEFFREY STURM**
George C. Patrick & Associates, P.C.
Crown Point, Indiana

ATTORNEY FOR APPELLEE:

**MATTHEW J. HAGENOW**
Newby, Lewis, Kaminski & Jones, LLP
LaPorte, Indiana

FILED
Oct 31 2012, 9:33 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TROY and MARY HILL, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1203-EX-215 |
| | ) | |
| BETA STEEL CORPORATION, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE WORKER'S COMPENSATION BOARD OF INDIANA
Full Worker's Compensation Board of Indiana
Application Number C-169843

**October 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Mary Hill appeals the Worker's Compensation Board's (Board) denial of death benefits on behalf of her deceased husband, Troy Hill. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On April 15, 2004, Troy suffered a lower back injury, which he claimed arose out of and in the course of his employment with Beta Steel Corporation. Troy filed an application for adjustment of claim with the Board on May 10, 2004. After an investigation, Beta Steel determined the injury was compensable, paid $84,110.06 in medical expenses, and paid temporary total disability benefits until December 22, 2006. On April 18, 2007, Troy died in his sleep.

After Troy's death, Mary was substituted as the claimant and the claim was amended to include a request for death benefits. A hearing officer heard evidence and testimony, then denied Mary's application for adjustment of claim. Mary appealed to the full Board, which denied Mary's claim.

**DISCUSSION AND DECISION**

Mary contends the Board erred when it determined Troy's death was not a result of his work-related injury. For an injury or death to be compensable, it must arise "out of" and "in the course of" the employment. *Ind. Mich. Power Co. v. Roush*, 706 N.E.2d 1110, 1113 (Ind. Ct. App. 1999), *trans. denied*. Mary, as the claimant, had the burden to establish entitlement to Worker's Compensation benefits. *Bowles v. Gen. Elec.*, 824 N.E.2d 769, 772 (Ind. Ct. App. 2005), *trans. denied*. The Board is not obliged to make findings demonstrating a claimant is not entitled to benefits; rather, the Board need only determine the claimant has not

2

proved entitlement to benefits. *Triplett v. USX Corp.*, 893 N.E.2d 1107, 1116 (Ind. Ct. App. 2008). In other words, the Board is obliged only to find the claimant did not meet her burden and to enter findings explaining with sufficient particularity the reasons for this determination. *Outlaw v. Erbrich Prod. Co.*, 777 N.E.2d 14, 28 (Ind. Ct. App. 2002), *trans. denied*.

Because the Board rejected her claim, Mary appeals from a negative judgment. In reviewing a negative judgment, we will not disturb the Board's findings of fact unless, considering only the evidence that tends to support the Board's determination together with any uncontradicted adverse evidence, we conclude the evidence is undisputed and leads inescapably to a contrary result. *Triplett*, 893 N.E.2d at 116. We will not reweigh the evidence or assess witness credibility. *Outlaw*, 777 N.E.2d at 28.

The Board found Mary did not prove Troy's death "was a proximate result of an accident which [sic] arose out and of and occurred in the course of [Troy's] employment with [Beta Steel]." (App. at 13.) The Board based its finding on evidence indicating no autopsy or toxicology report was performed on Troy, and "in order to accurately determine the cause of [Troy's] death, an autopsy would be needed along with a toxicology report." (*Id.* at 12-13.)

Mary argues an autopsy was not required, and she asserts she provided sufficient evidence to prove the proximate cause of Troy's death was his use of prescription pain medication as a result of his work-related back injury. Her argument is an invitation for us to reweigh the evidence, which we cannot do. *See Outlaw*, 777 N.E.2d at 28 (we will not

reweigh the evidence or assess witness credibility).

Because Mary did not demonstrate Troy's death was a result of his work-related injury, we affirm the Board's decision.[1]

Affirmed.

NAJAM, J., and KIRSCH, J., concur.

---

[1] Mary correctly notes the evidence does not support the Board's finding that no medical doctor signed Troy's death certificate. However, we need not reverse the judgment on that ground because other valid findings support the decision. *See Lasater v. Lasater*, 809 N.E.2d 380, 397 (Ind. Ct. App. 2004) ("To the extent that the judgment is based on erroneous findings, those findings are superfluous and are not fatal to the judgment if the remaining valid findings and conclusions support the judgment.").